John O. Miller
A.O. #31793
Montana State Prison
700 Conley Lake Road
Deer Lodge, MT 59722

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER<br>    Plaintiff,<br><br>Vs.<br><br><br>STEVE HURD;<br>  et; all.<br>    Defendants. | Cause No. CV 25-44-H-DWM<br><br>PLAINTIFF'S BRIEF IN SUPPORT TO CORRECT ERRORS OF LAW AND REVERSE THE COURT'S ORDER DISMISSING MILLER'S COMPLAINT.<br><br>[Rule 60(b)(6) Fed.R.Civ.P.] |

I. INTRODUCTION AND SUMMARY

    On June 11, 2025, I filed a civil rights action against four sitting parole officials under 42 U.S.C. §1983.[Doc. #1]. In the Caption section of my form Complaint, I named each of the Defendants in his "Official Capacity" and specifically requested "Prospective Injunctive and Declaratory Relief." [Doc. #1, P.1].

    In the "Relief" section of my Complaint, I further request prospective relief to cure an "on-going" Constitutional injury. I specifically ask the court to order a re-hearing of my parole application with an impartial hearing panel.[Doc.#1, P. 13]

    On August 5, 2025, the Court dismissed my complaint under

Page #1

28 U.S.C. §1915A. The Court incorrectly held that the State officials sued in their official capacity were not legally considered "persons" within the meaning of 42 U.S.C. §1983. However, the Court completely disregarded my specific request for prospective relief. This ruling directly contradicts the Supreme Courts seminol case of Ex parte Young, 209 U.S. 123 (1908).

The Court further misapplied the "functionally comparable" test set-out by the Supreme Court in Antoine v. Byers & Anderson Inc., 508 U.S. 429, 435-36 (1983), when it dismissed my First Amendment retaliation claim against Hurd. Chairman Hurds retaliatory action of violating his recusal declaration for "personal reasons" to sit on my hearing panel, is not the type of "judicial action" commonly performed by judges in the adjudication of cases and controversies.

Such type of action is not covered by quasi-judicial immunity and my damages claim against Hurd was valid.

### ARGUMENT ISSUE #1

1. THE COURT ERRORED BY HOLDING THAT STATE ACTORS ARE NOT CONSIDERED "PERSONS" UNDER 42 U.S.C. §1983 WHEN SUED IN THEIR "OFFICIAL CAPACITY" FOR PROSPECTIVE RELIEF.

In the Order dismissing my complaint, this Court held: "Though Miller has checked the boxes on the Complaint form for 'official capacity' claims against these individual defendants, employees acting in their official capacities are not persons under §1983." [Doc. #3, P. 5].

This ruling is an incorrect application of controlling law regarding Eleventh Amendment immunity as it relates to official capacity suits seeking prospective injunctive and declaratory relief to cure on-going Constitutional injuries.

"Of course a state official in his or her official capacity when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" Will v. Michigen Dept. of State Police, 491 U.S. 58, 70 (1989); quoting: Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985). (Emphasis Added).

At the pleading stage of my suit, my notice of official capacity status and specific prospective relief, is sufficient to survive the Screening standard under §1915A.

"For a suit to proceed under Ex parte Young, the plaintiff must allege - not prove - an ongoing violation of federal law for which she seeks prospective injunctive relief." R.W. v. Columbia Basin Coll., 77 4th 1214, 1221 (9th Cir. 2023); Ex parte Young, 209 U.S. 123 (1908). (Emphasis Added).

In the "Relief" section of my form complaint, on Page 13, I specifically request this type of "on-going" relief. Under Fed.R.Civ.P. 8, this request clearly meets the pleading requirements to overcome any Eleventh Amendment immunity hurdles at the pleading stage. "[a] suit for prospective injunctive relief provides a narrow, but well-established exception to Eleventh Amendment immunity." Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007).

The case law is clear on this issue.

### ARGUMENT ISSUE #2

2. THE COURT ERRORED BY HOLDING THAT STATE PAROLE OFFICIALS ARE ABSOLUTELY IMMUNE FROM SUIT FOR OFFICIAL CAPACITY CLAIMS SEEKING PROSPECTIVE RELIEF.

In it's Order, this Court also held that state parole board members were absolutely immune for their actions processing my parole application. [Doc. #3, P. 5]

This ruling by the Court ignores this Court's own past precedent in Kinlock v. Mont. Bd. of Pardons & Parole, 2014 U.S. Dist. LEXIS 53023 (D. Mont. Jan. 29, 2014).

In 2014, this Court held that State parole board members do not enjoy Judicial Immunity from Official Capacity suits for prospective relief stating:

> "Judge Strong elaborated, however, that Kinlock's is not barred from seeking prospective declaratory and injunctive relief as to the Board members in their official capacity, presumably based on the doctrine set forth by the Supreme Court in Ex Parte Young...." "This too, is a correct statement of the law and a well reasoned application of the law to the facts of Kinlock's case."

Hon. Donald W. Molloy. (Emphasis Added)

Similarly, in Thornton v. Brown, 757 F.3d 834, 839 (9th Cir. 2013), the Ninth Circuit held that absolute immunity did not bar an injunctive relief claim against a parole unit Supervisor. see also; Buckwalter v. Nev. Bd. of Med. Exam'rs, 678 F.3d 737, 747 (9th Cir. 2012).("Absolute immunity is not a bar to injunctive or declaratory relief.")

I am troubled by this Court's disregard of it's own past holding in Kinlock, Id., and the numerous Appellate Court rulings regarding official capacity suits. I have received some questionable rulings from this Court in the past, but I was supprised by this Court's willingness to ignore it's own prior precedent.

I am not formally trained in the law, but I can certainly grasp the doctrine of Ex parte Young and it's progeny. I Respectfully ask this Court to revisit it's finding on the issue of my Official Capacity claims for prospective relief.

//

ARGUMENT ISSUE #3

3. THE COURT ERRORED BY HOLDING THAT STATE PRISONERS HAVE NO FOURTEENTH AMENDMENT PROTECTION FROM BIASED PAROLE PANELS.

In it's screening Order, this Court held that Montana State prisoners enjoy no Due Process right to have their parole applications decided by impartial adjudicators. This ruling is again completely opposed to numerous Appellate case law.

The Ninth Circuit recognizes that State prisoners have a Constitutional right to have their parole applications decided by a "neutral and detached body" that is "free from bias or prejudice." O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990). The Supreme Court has also repeatedly stated that, "A fair [trial] in a fair tribunal is a basic requirement of due process." In re Murchinson, 349 U.S. 133, 136 (1955).

This rule applies to administrative agencies which adjudicate as well as to Courts. Withrow v. Larkin, 421 U.S. 35, 47 (1975). Due process requires fair-minded people on the hearing panel, and it requires that the procedures that govern decision making must also be fair. Murchinson, 349 U.S. at 316. Id.

Attached to my complaint as Exhibit #1, is a sworn Declaration from parole chairman Hurd recusing himself for "personal reasons". In his support brief, Hurd vows that he... "[w]ill never sit on his [Miller's] case..." [Doc. #1, Ex.s #1, #2, #3].

This support evidence creates the "facial plausibility" of Bias required to survive dismissal under §1915. "A claim has facial plausibility when the plaintiff pleads factual contant that allows the Court to draw the reasonable inference that the defendant is liable for the conduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The due process clause entitles (every person) to an

impartial and disinterest tribunal. This is a fundamental right embodied in the Constitution. It safeguards the central concern of the Fourteenth Amendments procedural protection guarantee of fairness and equality.

The Supreme Court states: "As this court repeatedly recognized, due process demands impartiality on the part of those who function in judicial or quasi-judicial capacities." Schweiker v. McClure, 456 U.S. 188, 195 (1982).

This rule applies to Montana parole officials. The Court Errored by finding that it does not.

### ARGUMENT ISSUE #4

4. THE COURT ERRORED IN FINDING HURD'S VIOLATION OF HIS RECUSAL DECLARATION CONSTITUTED THE TYPE OF JUDICIAL ACTION COVERED BY JUDICIAL IMMUNITY.

In it's Order dismissing my Retaliation claim against Hurd, this Court found that: "Appearing on the parole panel is at the heart of the immunity Hurd enjoys." [Doc.#3, P.7]. This ruling completely misconstrues my fact pleadings im my complaint.

In my pleadings, I specifically plead that Hurd retaliated against me by his action of violating his previous Declaration (committing perjury) solely for the purpose of insuring his presence on my hearing panel to deny my parole. This purley retaliatory act by Hurd is not considered a "judicial action" that is "functionally comparable" to actions considered immune at common law.

In Antoine v. Byers & Anderson Inc., 508 U.S. 429 (1993), the Supreme Court clarified which type of judicial actions are covered by judicial immunity holding that the "touchstone" of the doctrine is the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating

private rights." <u>Antoine</u>, 508 U.S. at 435-36. Id.

In <u>Swift v. Californa</u>, 384 F.3d 1184, 1190 (9th Cir. 2004), the Ninth Circuit described <u>Antoine</u> as "working a sea change in the way in which we are to examine absolute quasi-jucicial immunity for non-judicial officers."

In a retaliation claim, the plaintiff need not prove that the alleged retaliatory action in itself, violated a Constitutional right. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). The interest cognizable is the right to be free of conditions that would not have been imposed but-for the alleged retaliatory motive.

In Montana, there are six (6) sitting parole board members. Hurd could have selected another disinterested board member to adjudicate my parole application. The question this Court should be asking is why didn't he??? Why would Chairman Hurd violate his sworn Declaration before this very Court when he could have just appointed another member to my panel???

I am concerned by this Court's ability to overlook the fact that Hurd committed perjury before this very Court just to sit on my hearing panel. This is the very definition of retaliation and is not covered by immunity.

I once again find myself perplexed by this Court.

## CONCLUSION

I am asking this Court to reconsider it's Order dismissing my complaint under 28 U.S.C. §1915A. I realize that I am a prisoner and not considered fully a human being, but it is beneath this Court to intentionally disregard the voluminous precedent in support of my arguments set-out above in this motion.

My status in society should not factor into this Court's application of the law in this matter.

SUBMITTED this __8__ day of September, 2025.

Signed By: _____.
John O. Miller - Plaintiff.

## CERTIFICATE OF FILING

Pursuant to Rule 5(a) Fed.R.Civ.P., I certify that I filed this "Plaintiff's Brief In Support to Correct Errors Of Law" by placing it into my Institutions E-Filing box on the below signed date.

Signed By: _____.
John O. Miller - Plaintiff.

Date Signed: __September 8, 2025__