IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE HURD, BRADLEY NEWMAN, JIMMY PATELIS, and JOSEPH MCELROY,<br><br>Defendants. | CV 25–44–H–DWM<br><br>ORDER |

Plaintiff John O. Miller filed a civil rights complaint under 42 U.S.C. § 1983, related to his Montana state parole hearing. (Doc. 1.) After screening, the Complaint was dismissed. (Doc. 3.) Miller appealed. (Doc. 5.) Miller then filed a motion pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. 7.) Miller's motion is denied.

Generally, a district court does not have jurisdiction to grant motions once an appeal has been docketed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). However, certain types of motions may still be considered by the district court, notwithstanding an appeal. Fed. R. App. P. 4(a)(4). A Rule 60 motion like Miller's may be considered if it is filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(vi).

1

Judgment in Miller's case was entered on August 5, 2025. 28 days later is September 2, 2025. Judicial notice is taken of the Court of Appeals docket, which shows that Miller filed substantially the same motion as his opening brief in his appellate action on September 2. Br. of Appellant, *Miller v. Hurd, et al.*, No. 25-5076 (9th Cir. Sept. 2, 2025). Giving Miller the benefit of the prison mailbox rule, his motion is considered filed the date he placed it in his institutional e-filing box, September 8, 2025. (Doc. 7 at 2.) (It was filed in the Court's docket on September 10, 2025.) Miller's motion was untimely.

Accordingly, IT IS HEREBY ORDERED that Miller's Motion is DENIED, as untimely. (Doc. 7.)

DATED this 8th day of October, 2025.

Donald W. Molloy, District Judge
United States District Court